UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| BUC-EE'S, LTD.<br><br>    **Plaintiff,**<br><br>v.<br><br>BUCKS, INC., d/b/a BUCKY'S, BSD BRIGHT SITE DEVELOPMENT LLC, NATHAN RICHARDSON, and TILDON SUN DEVELOPMENT, LLC<br><br>    **Defendants.** | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**<br><br>(1) **TRADEMARK INFRINGEMENT IN VIOLATION OF TEX. BUS. COMM. § 16.102;**<br>(2) **TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. COMM. § 16.103;**<br>(3) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**<br>(4) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(5) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**<br>(6) **COMMON LAW TRADEMARK INFRINGEMENT;**<br>(7) **COMMON LAW UNFAIR COMPETITION; AND**<br>(8) **UNJUST ENRICHMENT.**<br><br>    **Jury Trial Demanded** |

## **COMPLAINT**

Plaintiff, Buc-ee's, Ltd. ("Buc-ee's" or "Plaintiff"), for its complaint against Defendants Buck's, Inc., d/b/a/ Bucky's, BSD Bright Site Development LLC, Nathan Richardson, and Tildon Sun Development, LLC (collectively "Bucky's"), alleges as follows:

### **The Parties**

1. Plaintiff Buc-ee's, Ltd., is a Texas limited partnership, having a principal place of business at 327 FM 2004, Lake Jackson, Texas 77566.

2. On information and belief, Defendant Bucks, Inc., doing business as "Bucky's," is a corporation organized under the laws of the State of Nebraska and having a corporate address of 7315 Mercy Road, Omaha, Nebraska, 68124.

3. On information and belief, Defendant BSD Bright Site Development LLC is a limited liability company organized under the laws of the State of Texas and having a corporate address of 1999 Bryan Street, Dallas, TX 75201.

4. On information and belief, Defendant Nathan Richardson is an individual that is at least a Governing Member and Organizer of BSD Bright Site Development LLC, and having an address of 211 Baker Road, #332, Barker, TX 77413-0332.

5. On information and belief, Defendant Tildon Sun Development, LLC is a limited liability company organized under the laws of the State of Texas and having a corporate address of 2619 Texas Street, Houston, TX 77003.

## Jurisdiction and Venue

6. This is an action for trademark infringement, trademark dilution, unfair competition and false designation of origin, and unjust enrichment. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), the Texas Business and Commerce Code, and federal and state common law, including the law of the State of Texas.

7. This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

8. This Court has personal jurisdiction over Bucky's due to its intentional contacts with this forum, including at least Bucky's tortious acts giving rise to this lawsuit within this district, Bucky's conduct of business within the state of Texas and this District, the actual and/or

likely confusion, dilution and resulting damage to Buc-ee's that has occurred in Texas and this District, and at least some Defendants' residency within Texas, and within this District.

9. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

### General Allegations – the Buc-ee's Trademark

10. For over three decades, Buc-ee's has offered quality convenience store services and has offered quality products to the public under the Buc-ee's brand and name. As a result of such use, Buc-ee's has become a household name across Texas and other states. Buc-ee's started as a single convenience store in Lake Jackson, Brazoria County, Texas, and has now established its famous presence across the State, with more than thirty stores operating across Texas, in such cities as League City, Pearland, Baytown, New Braunfels, Bastrop, Madisonville, Luling, Fort Worth, Terrell, Temple, Waller, Texas City and of course Lake Jackson. Buc-ee's has prided itself in providing premium goods and services to its customers, standing by its motto of "Clean, Friendly, and In Stock.$^{SM}$"

11. Because of Buc-ee's extensive and long-standing use and promotion of the "Buc-ee's" brand name in Texas and elsewhere, consumers have come to associate "Buc-ee's" as a source identifier of Buc-ee's, and Buc-ee's owns registered and common law trademark rights in the "Buc-ee's" trademark (collectively, Buc-ee's registered and common law trademark rights in the "Buc-ee's" mark are hereafter referred to as the "Buc-ee's Trademark"). For example, Buc-ee's owns trademark rights granted via Texas Trademark Registration Nos. TX 45055 and TX 800478216 and U.S. Federal Trademark Registration Nos. 3,763,277; 4,973,184; 4,007,063; 4,973,076; 4,316,457; 4,455,099; and 4,585,744, which consist of or include the mark "Buc-ee's" and are attached to this Complaint as Exhibits A-I, as indicated below:

3

| Mark | Registration No. |
|---|---|
| BUC-EE'S | TX 45055 |
| [Buc-ee's star logo] | TX 800478216 |
| BUC-EE'S | 3,763,277 |
| BUC-EE'S | 4,973,184 |
| BUC-EE'S | 4,007,063 |
| BUC-EE'S | 4,973,076 |
| BUC-EE'S (stylized) | 4,316,457 |
| [Buc-ee's star logo] | 4,455,099 |
| [Buc-ee's star logo] | 4,585,744 |

12. As a result of Buc-ee's extensive use of the Buc-ee's Trademark, including in its advertising and promotion of Buc-ee's products and services, as well as Buc-ee's investment in the Buc-ee's Trademark, Buc-ee's has developed and continues to maintain highly valuable trademark rights and significant goodwill in the Buc-ee's Trademark. Through extensive, continuous, and exclusive use, the Buc-ee's Trademark has become a well-known indicator of the origin and quality of the Buc-ee's goods and services offered at its locations, and the products and services of Buc-ee's promoted under the Buc-ee's Trademark have become favorably accepted by the consuming public. The Buc-ee's Trademark has also acquired substantial

4

secondary meaning in Texas and elsewhere, as consumers have come to uniquely associate it as a source identifier of Buc-ee's in Texas, including geographic areas within Texas such as this District, and elsewhere.

13. The Buc-ee's Trademark has also become famous within Texas due to at least the years of extensive, continuous, and exclusive promotion and use of the Buc-ee's Trademark within the State of Texas. Through that extensive, continuous, and exclusive use, the Buc-ee's Trademark has become a famous and well-known indicator of the origin and quality of Buc-ee's products and services, and the Buc-ee's Trademark is widely recognized by the public throughout Texas and in geographic areas within Texas, including this District, as a designation of source.

14. In view of its investment and strong reputation, Buc-ee's takes seriously the need to protect the Buc-ee's Trademark and the valuable goodwill associated with the Buc-ee's Trademark.

### General Allegations – Bucky's Unlawful Activities

15. On information and belief, Bucky's operates a number of convenience store locations under the term "Bucky's."

16. Bucky's recently has begun using the term "Bucky's" in connection with convenience stores and gas stations in Texas and this District. On information and belief, all of these uses and activities are being performed by one or more of Defendants Bucks, Inc., d/b/a/ Bucky's, BSD Bright Site Development LLC, and Tildon Sun Development, LLC, who are working collectively to operate convenience stores and gas stations in Texas and this District using the term "Bucky's."

17. Bucky's has purchased property in multiple locations in, at least, Houston and Nassau Bay. Bucky's has applied for zoning approvals in Houston and Nassau Bay using the term "Bucky's." Bucky's has appeared before zoning commissions offering convenience store services using the term "Bucky's." Bucky's has obtained licenses from the Texas Alcoholic Beverage Commission for selling products using the term "Bucky's."

18. These action are only a few of Bucky's actions using the term "Bucky's" within Texas and this District with convenience stores and other products in various locations within Texas and this District. On information and belief, Bucky's plans to open at least six gas station and convenience store locations in Texas within the next year that all use the term "Bucky's." Bucky's actions have and will continue to result in direct, substantial overlap with Buc-ee's current customer base within this District and the State of Texas, as well as overlap between the Parties' channels of trade.

19. Bucky's activities and use of the term "Bucky's" is causing actual confusion in at least Texas, including in this District, and is creating a strong likelihood of confusion between Bucky's and Buc-ee's.

20. Buc-ee's used the Buc-ee's Trademark extensively, continuously, and exclusively before Bucky's began its infringing use of a confusingly similar mark.

21. Bucky's actions are unfair and unlawful. Bucky's intentional and unauthorized actions further constitute infringement and dilution of the Buc-ee's Trademark, and an attempt to unfairly compete in violation of Federal and State law, and constitute common law trademark infringement, unfair competition, and unjust enrichment.

## General Allegations – Injury to Buc-ee's

22. Bucky's unauthorized use of a trademark confusingly similar to the Buc-ee's Trademark will allow Bucky's to receive the benefit of the goodwill built up at the great labor and expense by Buc-ee's in the Buc-ee's Trademark, and further will allow Bucky's to gain acceptance for its products and services based not on its own merits, but on an association with the reputation and goodwill of Buc-ee's.

23. Bucky's unauthorized use of a trademark confusingly similar to the Buc-ee's Trademark constitutes an invasion of Buc-ee's valuable property rights in a manner that unjustly enriches Bucky's.

24. Bucky's use of a trademark confusingly similar to the Buc-ee's Trademark, and in relation to the same products and services as Buc-ee's, falsely indicates to the purchasing public that Bucky's and/or its products and services are in some manner connected with, sponsored by, affiliated with, or related to Buc-ee's and/or its products and services.

25. Use by Bucky's of a trademark confusingly similar to the Buc-ee's Trademark places the valuable reputation and goodwill of Buc-ee's in the hands of Bucky's, over whom Buc-ee's has no control.

26. The above-mentioned activities of Bucky's are causing actual confusion and are likely to cause confusion, or to cause mistake, or to deceive customers or potential customers wishing to purchase services or products sponsored by, associated with, or affiliated with Buc-ee's. Bucky's use is causing actual confusion and is likely to cause confusion, mistake or deception as to the affiliation, connection, and/or association of Bucky's with Buc-ee's, and as to the origin, sponsorship, and/or approval of Bucky's, at least by creating the false and misleading

impression that Bucky's and/or its products or services are from Buc-ee's, are authorized by Buc-ee's, or are otherwise associated with Buc-ee's.

27. The Buc-ee's Trademark is famous, distinctive and is entitled to protection under Texas and federal law. Buc-ee's has extensively, continuously and exclusively promoted and used the Buc-ee's Trademark for years in the State of Texas. Through that extensive, exclusive and continuous use, the Buc-ee's Trademark has become a famous and well-known indicator of the origin and quality of Buc-ee's products and services, and the Buc-ee's Trademark is widely recognized by the public, including the public throughout Texas and in geographic areas of Texas, including this District, as a designation of source. The Buc-ee's Trademark has also acquired substantial secondary meaning in Texas and elsewhere. The Buc-ee's Trademark is also inherently distinctive. Moreover, the Buc-ee's Trademark became famous and acquired secondary meaning before Bucky's commenced use of a mark in Texas that is confusingly similar to the Buc-ee's Trademark.

28. Accordingly, this action is being brought to prevent any further infringement of the Buc-ee's Trademark under federal and Texas law and to compensate Buc-ee's for the harm caused by Bucky's actions and any future actions.

**Count I:
Trademark Infringement in Violation of Tex. Bus. & Comm. Code § 16.102**

29. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 28 as though fully set forth herein.

30. Bucky's actions described above constitute trademark infringement of Buc-ee's Texas State Registration Nos. TX 45055 and TX 800478216, in violation of Texas Business & Commerce Code § 16.102. Bucky's use of a trademark confusingly similar to Buc-ee's Texas state registrations, in connection with providing Bucky's goods and services in Texas, is likely to

deceive or cause confusion or mistake as to the source or origin of Bucky's goods and/or services.

31. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark is causing actual confusion and likely to further cause confusion, or cause mistake, or to deceive.

32. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Buc-ee's goods and services.

33. On information and belief, Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has been intentional.

34. Defendants have infringed and continue to infringe the Buc-ee's Texas state registrations. Because of Defendants' infringement, Buc-ee's has been injured and damaged, and is entitled to injunctive relief, and is further entitled to recover damages, profits, enhanced profits and damages, and its attorney's fees, pursuant to Texas Business & Commerce Code § 16.102.

**Count II:**
**Trademark Dilution in Violation of Tex. Bus. & Comm. Code § 16.103**

35. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 34 as though fully set forth herein.

36. Based on the activities described above, Bucky's has diluted and continues to dilute the Buc-ee's Trademark under §16.103 of the Texas Business & Commerce Code.

37. Bucky's acts complained of above are likely to injure Buc-ee's business reputation and/or are likely to dilute the famous, distinctive quality of the Buc-ee's Trademark, at least by eroding the public's exclusive identification of Buc-ee's famous Buc-ee's Trademark with Buc-ee's, by lessening the capacity of Buc-ee's famous Buc-ee's Trademark to identify and

distinguish Buc-ee's products and services, and by impairing the distinctiveness of Buc-ee's famous Buc-ee's Trademark.

38. Bucky's unauthorized activities are likely to weaken or otherwise jeopardize Buc-ee's highly valuable rights. Pursuant Texas Business & Commerce Code § 16.103, Buc-ee's is entitled to bring this action to enjoin Bucky's from injuring Buc-ee's business reputation or diluting the distinctive quality of the Buc-ee's Trademark.

39. Bucky's use of a mark similar to the Buc-ee's Trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Buc-ee's goods and services.

40. On information and belief, Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has been intentional.

41. Buc-ee's is entitled to injunctive relief, and due to Bucky's intentional dilutions within Texas, Buc-ee's is also entitled to recover at least damages, profits, enhanced profits and damages, as well as an award of Buc-ee's reasonable attorneys' fees.

### Count III:
### Trademark Infringement Under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

42. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

43. Based on the activities described above, including, for example, Bucky's use of mark confusingly similar to the Buc-ee's Trademark, Bucky's has infringed and will continue to infringe the Buc-ee's Trademark under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Bucky's use of a mark confusingly similar to the Buc-ee's Trademark is causing actual confusion and likely to further cause confusion, or cause mistake, or to deceive.

44. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Buc-ee's goods and services.

45. On information and belief, Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has been intentional.

46. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Bucky's profits, actual damages, enhanced profits and damages, costs, and Buc-ee's reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

## Count IV:
## Trademark Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

47. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

48. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing the Buc-ee's Trademark. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark is causing actual confusion and likely to further cause confusion, mistake or deception as to the affiliation, connection, and/or association of Bucky's with Buc-ee's and as to the origin, sponsorship, and/or approval of Bucky's, at least by creating the false and misleading impression that Bucky's and/or its products or services are from Buc-ee's, are authorized by Buc-ee's, or are otherwise associated with Buc-ee's.

49. The Buc-ee's Trademark is entitled to protection under the Lanham Act. Buc-ee's has extensively and continuously promoted and used its trademark in Texas and elsewhere. Through that extensive and continuous use, the Buc-ee's Trademark has become a well-known

indicator of the origin and quality of Buc-ee's products and services. The Buc-ee's Trademark has also acquired substantial secondary meaning in Texas and elsewhere.

50. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademark and Buc-ee's products and services.

51. On information and belief, Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has been intentional.

52. Buc-ee's is entitled to injunctive relief, and Buc-ee's is entitled to recover at least Bucky's profits, Buc-ee's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count V:
### Unfair Competition and False Designation of Origin Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

53. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 52 as though fully set forth herein.

54. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark, in direct competition with Buc-ee's, violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitutes unfair competition and false designation of origin, at least because Bucky's has obtained an unfair advantage as compared to Buc-ee's through its use of a mark confusingly similar to the Buc-ee's Trademark, and because such use is causing actual confusion and likely to further cause consumer confusion as to the origin and/or sponsorship/affiliation of Bucky's

and its products and services, at least by creating the false and misleading impression that Bucky's is authorized by or otherwise associated with Buc-ee's.

55. The Buc-ee's Trademark is entitled to protection under the Lanham Act. Buc-ee's has extensively and continuously promoted and used its trademark in Texas and elsewhere. Through that extensive and continuous use, the Buc-ee's Trademark has become a well-known indicator of the origin and quality of Buc-ee's products and services. The Buc-ee's Trademark has also acquired substantial secondary meaning in Texas and elsewhere.

56. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademark and Buc-ee's products and services.

57. On information and belief, Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has been intentional.

58. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Bucky's profits, Buc-ee's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count VI: Common Law Trademark Infringement

59. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 58 though fully set forth herein.

60. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark, in direct competition with Buc-ee's, constitutes common law trademark infringement, at least because Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has caused actual

confusion and is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Bucky's and its products and services, at least by creating the false and misleading impression that Bucky's is authorized by or otherwise associated with Buc-ee's.

61. The Buc-ee's Trademark is entitled to protection under the common law. Buc-ee's has extensively and continuously promoted and used its trademark in Texas and elsewhere. Through that extensive and continuous use, the Buc-ee's Trademark has become a well-known indicator of the origin and quality of Buc-ee's products and services. The Buc-ee's Trademark has also acquired substantial secondary meaning in Texas and elsewhere.

62. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademark and Buc-ee's products and services.

63. On information and belief, Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has been intentional.

64. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Buc-ee's damages, Bucky's profits, punitive damages, costs, and reasonable attorney fees.

## Count VII:
## Common Law Unfair Competition

65. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 64 as though fully set forth herein.

66. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark, in direct competition with Buc-ee's, constitutes common law unfair competition, at least by palming off/passing off of Bucky's goods and services and/or by simulating the Buc-ee's Trademark in an

intentional and calculated manner that is causing actual confusion and likely to further cause consumer confusion as to origin and/or sponsorship/affiliation of Bucky's, at least by creating the false and misleading impression that Bucky's is authorized by or otherwise associated with Buc-ee's. Bucky's has also interfered with Buc-ee's business.

67. The Buc-ee's Trademark is entitled to protection under the common law. Buc-ee's has extensively and continuously promoted and used its trademark in Texas and elsewhere. Through that extensive and continuous use, the Buc-ee's Trademark has become a well-known indicator of the origin and quality of Buc-ee's products and services. The Buc-ee's Trademark has also acquired substantial secondary meaning in Texas and elsewhere.

68. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademark and Buc-ee's products and services.

69. On information and belief, Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has been intentional.

70. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Buc-ee's damages, Bucky's profits, punitive damages, costs, and reasonable attorney fees.

### Count VIII: Unjust Enrichment

71. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 70 as though fully set forth herein.

72. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark, in direct competition with Buc-ee's, constitutes unjust enrichment, at least because Bucky's has

wrongfully obtained benefits at Buc-ee's expense. Bucky's has also, *inter alia*, operated with an undue advantage.

73. Buc-ee's creation, continuous promotion and creation of goodwill in the Buc-ee's Trademark, required extensive time, labor, effort, skill, and money. Bucky's has wrongfully used and is wrongfully using a mark confusingly similar to the Buc-ee's Trademark in competition with Buc-ee's, and has gained and is gaining a wrongful benefit by undue advantage. Bucky's has not been burdened with the expenses incurred by Buc-ee's, yet Bucky's is obtaining the resulting benefits for its own business and products.

74. The Buc-ee's Trademark is entitled to protection under the common law. Through that extensive and continuous use, the Buc-ee's Trademark has become a well-known indicator of the origin and quality of Buc-ee's products and services. The Buc-ee's Trademark has also acquired substantial secondary meaning in Texas and elsewhere.

75. Bucky's use of a mark confusingly similar to the Buc-ee's Trademark has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Buc-ee's Trademark and its products and services. Buc-ee's accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Bucky's has wrongfully obtained and is wrongfully obtaining a benefit at Buc-ee's expense by taking undue advantage and free-riding on Buc-ee's efforts and investments, and enjoying the benefits of Buc-ee's hard-earned goodwill and reputation.

76. Bucky's unjust enrichment at Buc-ee's expense has been intentional.

77.     Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Bucky's profits.

### Application for Injunction

78.     Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 77 as though fully set forth herein.

79.     There is a substantial likelihood that Buc-ee's will prevail on its claims against Bucky's, based on Bucky's intentional use of a mark confusingly similar to the Buc-ee's Trademark in connection with the promotion and sale of similar or identical services and goods, in the same markets and channels of trade, and with the same customers.

80.     Bucky's actions complained of above are jeopardizing, and, if allowed to proceed, will continue to jeopardize the goodwill of Buc-ee's in its valuable brand, concept, and the Buc-ee's Trademark. Such acts have caused, are causing and will continue to cause, irreparable injury to Buc-ee's and the consuming public, and the threatened injury outweighs any hypothetical damage that the proposed injunction may cause Bucky's. Finally, the public interest favors the issuance of an injunction in this case.

81.     Unless the acts of Bucky's complained of above are restrained by this Court, they will be continued and will continue to cause irreparable injury to Buc-ee's and to the public, for which there is no adequate remedy at law.

82.     Buc-ee's seeks a preliminary and permanent injunction against Bucky's, prohibiting it from any and all use of a mark confusingly similar to the Buc-ee's Trademark, in conjunction with the promotion or sale or offer of sale for any goods or services by Bucky's.

### Demand for Jury Trial

83.     Buc-ee's hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1. Judgment that Bucky's has: (i) infringed the Buc-ee's Trademark in violation of § 16.102 of the Texas Business and Commerce Code; (ii) diluted the Buc-ee's Trademark in violation of § 16.103 of the Texas Business and Commerce Code; (iii) infringed the Buc-ee's Trademark in violation of § 1114(1) of Title 15 in the United States Code; (iv) infringed the Buc-ee's Trademark in violation of § 1125(a) of Title 15 in the United States Code; (v) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (vi) violated Buc-ee's common law rights in the Buc-ee's Trademark; (vii) engaged in common law unfair competition; and (viii) been unjustly enriched at Buc-ee's expense, and that all of these wrongful activities by Bucky's were willful;

2. A preliminary and permanent injunction against further infringement and dilution of the Buc-ee's Trademark, further acts of unfair competition, and unjust enrichment by Bucky's, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from any use of a copy, reproduction, or colorable imitation of the Buc-ee's Trademark, pursuant to at least Texas Business and Commerce Code §§ 16.102, 16.103 and 16.104, and 15 U.S.C. § 1116;

3. An award of Bucky's profits, Buc-ee's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least Texas Business and Commerce Code §§ 16.102, 16.103 and 16.104, and 15 U.S.C. §§ 1114, 1116, 1117, and 1125(a); and

4. Such other and further relief as this Court deems just and proper.

Dated: March 14, 2017                    Respectfully submitted,

By: */s/ H. Tracy Richardson, III*

**ATTORNEY FOR BUC-EE'S, LTD.**
H. Tracy Richardson, III
Texas Bar No. 16863700
Deputy General Counsel
Jeff F. Nadalo
Texas Bar No. 24041559
General Counsel
**BUC-EE'S, LTD.**
327 FM 2004
Lake Jackson, Texas 77566
Telephone: (979) 230-2968
Fax: (979) 230-2969
tracy@buc-ees.com
jeff@buc-ees.com

Joseph J. Berghammer (*pro hac vice* forthcoming)
Janice V. Mitrius (*pro hac vice* forthcoming)
Katherine L. Fink (*pro hac vice* forthcoming)
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
T: (312) 463-5000
F: (312) 463-5001
jberghammer@bannerwitcoff.com
jmitrius@bannerwitcoff.com
kfink@bannerwitcoff.com

**ATTORNEYS FOR PLAINTIFF BUC-EE'S, LTD.**